IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01412-MSK-MJW

SHANNON QUINN and
LESA QUINN,

Plaintiffs,

v.

SKI COUNTRY SHELL & TOWING, INC., a Colorado corporation,
ERIC MAINES, individually, and
ERIC MAINES d/b/a ERIC'S MOBILE SERVICE,

Defendants.

---

**ORDER REGARDING
(1) DEFENDANTS JEFFREY LEWARK'S AND SKI COUNTRY SHELL & TOWING, INC.'S MOTION TO COMPEL (DOCKET NO. 43)**

**(2) PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO D.C.COLO.LCivR 30.3(A)(1) AND (2) AND (B) AND (D) (DOCKET NO. 49)**

**AND**

**(3) DEFENDANTS JEFFREY LEWARK'S AND SKI COUNTRY SHELL & TOWING, INC.'S MOTION FOR EXTENSION OF TIME TO FILE EXPERT DISCLOSURES (DOCKET NO. 54)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on May 4, 2011, on (1) Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s Motion to Compel (docket no. 43); (2) Plaintiff's' Motion for Sanctions Pursuant to D.C.COLO.LCivR 30.3(A)(1) and (2) and (B) and (D) (docket no. 49); and (3) Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s Motion for Extension of Time to File Expert Disclosures (docket

no. 54).  The court has reviewed the subject motions (docket nos. 43, 49, and 54), the responses (docket nos. 48, 57, and 55); and the reply (docket no. 51).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  Lastly, the court has considered oral argument presented by the parties through counsel.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s [hereinafter "Defendants"] Motion to Compel (docket no. 43), the Defendants seek an Order from the court compelling Plaintiffs to authorize Pinnacol Assurance to release the subject wheel and tire to Defendants so that Defendants can have their liability experts inspect the wheel and tire, measure the subject wheel and tire, allow digital scanning of the subject wheel and tire at a digital lab in Denver, Colorado, pursuant to Fed. R. Civ. P. 37.  In addition, Defendants request that this court extend the deadline for Defendants to disclose their liability experts an additional 21 days after the delivery of the subject wheel and tire to Defendants.  It should be noted that during this hearing, Defendants' counsel, Mr. Davis, indicated to the court, on the record, that the only damage expert for the Defendants was Ernest E. Nita, M.D., as outlined in the Defendants Ski Country Shell & Towing, Inc.'s and Jeffrey Lewark's Rule 26(a)(2) Expert Disclosures - Damages (docket no. 59) that was filed with this court on April 29, 2011. Lastly, Defendants request that this court allow Defendants to do an actual test or demonstration of the wheel by mounting the accuride wheel with a tire and airing it up to full pressure to demonstrate the wheel as capable of retaining a tire.  Defendants have proffered that they would video this demonstration for preservation and would

allow Plaintiffs, Plaintiffs' counsel, and Plaintiffs' experts to attend this demonstration. Defendants anticipate bearing the full expense of this demonstration. Defendants proffered that they will sign a receipt showing receipt from Pinnacol Assurance of the subject wheel and tire upon delivery of the same and would further return the wheel and tire to Pinnacol Assurance after Defendants' experts have completed their inspection, measurements, digital scanning, and demonstration so that the wheel and tire would be available for any rebuttal measurements, inspection, or testing by Plaintiffs' experts.

In Plaintiffs' Motion for Sanctions Pursuant to D.C.COLO.CivR 30.3(A)(1) and (2) and (B) and (D)(docket no. 49), the Plaintiffs seek sanctions, pursuant Fed. R. Civ. P. 37(a)(1), against Defendants Ski Country Shell & Towing, Inc., and Jeffrey Lewark's counsel, Mark R. Davis, for violations of D.C.COLO.LCivR 30.3(A)(1) and (B) and (D). Plaintiffs are **not seeking** an Order to redepose Defendant Jeffrey Lewark. Plaintiffs argue that this court should find that counsel, Mr. Davis, has violated D.C.COLO.CivR 30.3(A)(1) and (B) and (D) by insisting on taking a break shortly into Mr. Lewark's deposition because Mr. Davis had to use the restroom, for halting the questioning and removing his client from Plaintiffs counsel's office conference room where the deposition was taking place, and for "wood shedding" and/or coaching Mr. Lewark or suggesting an answer to the deponent during the requested break by Mr. Davis to use the restroom. Plaintiffs request that this court admonish Mr. Davis and also enter any other appropriate sanctions as provided under Fed. R. Civ. P. 37(b).

In Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s Motion for Extension of Time to File Expert Disclosures (docket no. 54), Defendants seek an Order from this court extending the deadline for Defendants to make their Fed. R. Civ. P.

4

26(a)(2) expert disclosures. Defendants, *in essence*, seek a 21-day extension to disclose experts. If the court grants Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s Motion to Compel (docket no. 43), then Defendants seek an extension for 21 days after the production of the wheel and tire. If the court denies Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s Motion to Compel (docket no. 43), then Defendants seek an extension for 21 days from the date of such Order denying docket no. 43.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any

5

> discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

5. Fed. R. Civ. P. 37 addresses the sanctions to be imposed when a party fails to comply with valid discovery obligations. That rule provides, *inter alia,* that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, including

6

an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). When a court imposes sanctions under Fed. R. Civ. P. 37, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure to act was substantially justified or other circumstances make an award of expenses unjust." In addition, a district court retains the power to dismiss an action with prejudice for failure to comply with the Federal Rules of Civil Procedure or with the court's duly issued orders. Fed. R. Civ. P. 41(b);

6. That pursuant to Fed. R. Civ. P. 37(d)(3), this court may impose whatever sanctions are just, including those listed in Fed. R. Civ. P. 37(b)(2)(A)(i-vi);

7. That on or about September 23, 2010, Defendants and Defendants' expert viewed, took photographs, and measured the subject wheel and tire which is in the custody and control of Pinnacol Assurance. Such information was utilized by Defendants in order to determine the areas of expertise that may be necessary in this case;

8. Defendants have endorsed as liability experts Robert Russell, MSME, PE, Thomas Giapponi, PE, and Richard Knowland, and each of these endorsed experts have been refused access to the subject wheel and tire by Pinnacol Assurance and the Plaintiff;

9. Defendants contend that their liability experts need to have access

        to the subject wheel and tire and are requesting that they be permitted to do a demonstration on the wheel and tire. Defendants would bear the full expense of this demonstration. Defendants are willing to sign a written receipt showing receipt from Pinnacol Assurance of the subject wheel and tire upon delivery of the same and would further return the wheel and tire to Pinnacol Assurance after Defendants' experts have completed their inspection, measurements, digital scanning, and demonstration so that the wheel and tire would be available for any rebuttal measurements, inspection, or testing by Plaintiffs' experts. Moreover, Defendants would allow Plaintiffs, Plaintiffs' counsel, and Plaintiffs' experts to be present during the inspection, measurements, digital scanning, and demonstration on the wheel and tire. Lastly, Defendants contend that without access to the subject wheel and tire, the Defendants' retained liability experts cannot complete their expert reports;

10. Plaintiffs argue that this court should deny Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s Motion to Compel (docket no. 43) for the following reasons. **First**, that Defendants already had an opportunity to inspect, measure, digitally scan, and request any demonstration on the wheel and tire back on September 23, 2011. **Second**, that for five (5) months following the inspection

8

by Dr. Hamernik, Defendants withheld from Plaintiffs their intention to conduct a second inspection and using a second team of experts. **Third**, that it is impossible, *in essence*, for Defendants' experts to do a demonstration on the wheel and tire and replicate the conditions under which the alleged failure of the tire and wheel took place. Further, that Defendants are attempting to cause an explosion on the ". . . same patently deformed wheel which has, indisputably, already had three tires blow on it!" **Fourth,** that if this court grants the subject motion (docket no. 43), then Defendants will have had 81 days more than Plaintiffs to provide their disclosures, and 53 days after receiving Plaintiffs', even though only one area of their preparation, liability, is the subject of dispute.  Since Defendants have no way of knowing "if the Court will grant this latest requested extension, it is not unreasonable to assume they are sitting on all their expert opinions, with the possible exception of liability, to see what the Court does;"

11. That I find that Defendants should have access to the subject wheel and tire so that their liability experts can do an inspection, measurements, digital scanning, and demonstration on the subject wheel and tire since without such access, the Defendants' liability experts will not be able to provide to Defendants and to Plaintiffs their expert reports as required under Fed. R. Civ. P. 26(a)(2)(B);

9

and

12. That as to Plaintiffs' Motion for Sanctions Pursuant to D.C.COLO.LCivR 30.3(A)(1) and (2), (B) and (D), (docket no. 49), I find the timing of Defendants' counsel request for a bathroom break during Defendant Lewark's deposition is suspect, and the videotape [there was no audio tape] shows that Defendants' counsel was talking privately with Mr. Lewark during this bathroom break. However, I cannot conclude from these facts that there was, in fact, a violation [i.e., woodshedding and/or coaching of the deponent Mr. Lewark] of D.C.COLO.LCivR 30.3(A)(1) and (2), (B) and (D) by Defendants' counsel.  Furthermore, I find that the evidentiary objections raised by Defendants' counsel during the discovery deposition of Mr. Lewark were proper and appropriate evidentiary objections, noting that such objections related to the form of the question, and I do not find a violation [i.e., coaching of deponent Mr. Lewark] of D.C.COLO.LCivR 30.3(A)(1) and (2), (B) and (D) by Defendants' counsel.  For these reasons, Plaintiffs' Motion for Sanctions Pursuant to D.C.COLO.LCivR 30.3(A)(1) and (2), (B) and (D) (docket no. 49) should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

10

1. That Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s Motion to Compel (docket no. 43) is **GRANTED**;

2. That Plaintiffs shall forthwith authorize Pinnacol Assurance to allow access to the subject wheel and tire and Defendants may pick up the subject wheel and tire from Pinnacol Assurance.  Defendants' liability experts may inspect, measure, digitally scan, and conduct a demonstration on the subject wheel and tire.  Defendants shall allow Plaintiffs, Plaintiffs' counsel, and Plaintiffs' experts to be present during the inspection, measuring, digital scanning, and demonstration.  Defendants shall sign a written receipt for the subject wheel and tire from Pinnacol Assurance and shall return the subject wheel and tire to Pinnacol Assurance following Defendants' liability experts' inspection, measuring, digital scanning, and demonstration on the subject wheel and tire.  The inspection, measuring, digital scanning, and demonstration shall take place in Colorado since Defendants' counsel indicated during oral argument that digital scanning is available in Colorado;

3. That Plaintiff's Motion for Sanctions Pursuant to D.C.COLO.LCivR 30.3(A)(1) and (2) and (B) and (D) (docket no. 49) is **DENIED**.  However, Defendants' counsel is directed to re-read and review D.C.COLO.LCivR 30.3, noting that there are additional depositions that will be scheduled in this case;

11

4. That Defendants Jeffrey Lewark's and Ski Country Shell & Towing Inc.'s Motion for Extension of Time to File Expert Disclosures (docket no. 54) is **GRANTED**. That Defendants' expert disclosures, consistent with Fed. R. Civ. P. 26(a)(2)(B), shall be provided to Plaintiffs within 21 days after physical receipt of the subject wheel and tire from Pinnacol Assurance. Plaintiffs' rebuttal expert disclosures, consistent with Fed. R. Civ. P. 26(a)(2)(B), shall be provided by to Defendants within 30 days after receipt of Defendants' expert disclosures; and

5. That each party shall pay their own attorney fees and costs for the subject motions (docket no. 43, 49, and 54), finding that under the facts and circumstances presented here, it would be unjust to award reasonable expenses to Defendants on the subject motions (docket no. 43, 49 and 54).

Done this 18th day of May, 2011.

BY THE COURT
s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE